**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| GOLDEN BAY ENTERPRISES, INC., | ) | |
| | ) | **STIPULATED PROTECTIVE ORDER** |
| Plaintiff, | ) | |
| | ) | |
| -against- | ) | Civil Action No.: CV-00-6977-CBA-JMA |
| | ) | |
| WAL-MART STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★  JUL 22 2004  ★

P.M. _____
TIME A.M. _____

TO:   Stoll, Miskin, Hoffman & Badie
The Empire State Building
350 Fifth Avenue, Suite 6110
New York, New York  10118
ATTENTION:    Mr. James W. Badie, Esq

WHEREAS, the parties are engaged in discovery which involves, among other things, the production of certain information, documents, and things of the parties subject to discovery or disclosure in this action which may be claimed to be or deemed to contain Confidential Information, or Highly Confidential Information as defined herein;

NOW, THEREFORE, in the interest of expediting discovery and permitting the same to proceed without delay, the parties, by their attorneys, have agreed to provide access to and to accept such information, documents, and things subject to certain protective provisions hereinafter set forth.

It is hereby stipulated by the attorneys of the parties, subject to the approval of the Court, that:

1.      All documents or information which a producing party believes in good faith to be entitled to protection from public disclosure and/or believes to be commercially sensitive information (hereinafter "Confidential Documents", "Confidential Information", "Highly Confidential Documents" or "Highly Confidential Information"), shall be stamped or otherwise marked CONFIDENTIAL or HIGHLY CONFIDENTIAL.

a.  "Confidential Documents" or "Confidential Information" as used herein means any type or classification of information produced or disclosed by any person or party (the "designating party") during this action that contains commercially sensitive, proprietary and confidential material or information (e.g., vendor agreements, basic contracts, etc.) and that is designated by that person or party as confidential at the time of disclosure in writing or in the record of a deposition or hearing, whether revealed during deposition, in a document, in an interrogatory answer, by production of tangible evidence, or otherwise. The Parties may not designate as "CONFIDENTIAL" any information or documents produced in discovery in this action prior to the date of this Order, correspondence or agreements between Plaintiffs and Defendants, and documents filed of public record with any governmental agency or entity.  No designation shall be made unless counsel for the designating party believes in good faith that the designated material is entitled to protection under Rule 26(c)(7) of the Federal Rules of Civil Procedure.

b.  "Highly Confidential Documents" or "Highly Confidential Information" as used herein means any type or classification of information produced or

Stipulated Protective Order

2

disclosed by any person or party (the "designating party") during this action that contains

commercially very sensitive, exceptionally proprietary and highly confidential material or

information (e.g., trade secrets, corporate strategies, etc.) and that is designated by that person or

party as highly confidential at the time of disclosure in writing or in the record of a deposition or

hearing, whether revealed during deposition, in a document, in an interrogatory answer, by

production of tangible evidence, or otherwise. The Parties may not designate as "HIGHLY

CONFIDENTIAL" any information or documents produced in discovery in this action prior to

the date of this Order, correspondence or agreements between Plaintiffs and Defendants, and

documents filed of public record with any governmental agency or entity.  No designation shall

be made unless counsel for the designating party believes in good faith that the designated

material is entitled to protection under Rule 26(c)(7) of the Federal Rules of Civil Procedure.

        2.     Information designated confidential or highly confidential shall be

indicated as follows:

        a.     In the case of an exhibit, document or other tangible evidence, by a

sticker, stamp or other written means to the exhibit, document or tangible evidence stating

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL";

        b.     In the event that any item with the designation "CONFIDENTIAL"

or "HIGHLY CONFIDENTIAL" is introduced by counsel during a deposition, the reporter and

counsel for the other party (or parties) must be instructed during the deposition that, pursuant to

this Order, the deposition and such exhibits, if retained by the reporter, must be held under seal, and if filed in Court, must be filed under seal with the instructions to the Clerk as set forth in paragraph 9, and the reporter must be further instructed not to furnish copies of any such exhibits or disclose the contents thereof to any person other than counsel for the parties and the deponent at whose deposition the Confidential Information or Highly Confidential Information was introduced. In addition, a party may designate deposition testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by providing either oral notice on the record during the deposition or written notice of such designation to the reporter and counsel for opposing party within fifteen (15) days after receipt of the transcript of the deposition. During this 15 day period, the entire deposition transcript shall be treated as "HIGHLY CONFIDENTIAL" under this Order.

   c. In the case of an interrogatory answer or a paper to be filed with the Court, by a statement in the answer or paper attached thereto by the designating party stating "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and identifying the portion of the answer or paper designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

   3. Information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be disclosed only to:

   a. Outside legal counsel, including trial counsel and local counsel, for any party to this action, including members, associates, and employees of the firm or offices of

which such counsel are members or employees, as well as outside copying and computer
services;

    b.  subject to the requirements of paragraph 4(a), one in-house counsel
of the receiving party or his/her designeee, provided that the in-house counsel or his/her designee
is qualified as a counsel/agent responsible for litigations, and is not in a position to utilize any
Confidential Information, Confidential Documents, Highly Confidential Information, Highly
Confidential Documents and/or Related Materials to adversely affect the business position of the
producing party, and furthermore, that the in-house counsel or his/her designee delivers a signed
agreement in the form attached hereto as Exhibit A to be bound by the terms of this Stipulated
Protection Order.

    c.  subject to the requirements of paragraph 4(b), one technical
representative of the receiving party;

    d.  subject to the requirements of paragraph 4(c), persons who are
designated as experts by a party to this action retained solely for the purposes of this action, who
shall not be officers, officials or employees of a party to this action;

    e.  court reporters and their staffs; and

    f.  the Court and all members of the Court's staff.

Information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall not be
disclosed to anyone, including any officers, officials, employees, agents, representatives, in-
house legal counsel, or members of any party to this action, except as provided in subparagraphs

Stipulated Protective Order

(a) through (f) of this paragraph.  Notwithstanding anything to the contrary contained in the foregoing, nothing in this Stipulated Protective Order shall be construed to limit in any way the use a party may make of its own materials and nothing contained in this Stipulated Protective Order shall prevent any party from disclosing or showing any document to any person who authored or was an authorized recipient of the document.

4.      Under no circumstances shall any party provide Confidential Information, Confidential Documents, Highly Confidential Information, Highly Confidential Documents and/or Related Materials to any competitor of the parties, unless a written authorization of the concerned party is first obtained.

5.      (a)      The technical representative of Golden Bay Enterprises, Inc. pursuant to paragraph 3(b) are Jimmy Hsi, Angela Hsi and Chin Chen Chang; the technical representative of Wal-Mart Stores, Inc. pursuant to paragraph 3(b) are Johnny Chen, Wu Cheng Hsiung and Henry Wu.  The above representative shall be provided access to information or materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by the other party under the following conditions:

(i)      the representative shall not be permitted to physically possess any documents or other tangible items that include Confidential Information or Highly

Stipulated Protective Order

6

Confidential Information of the other party, including any copies, portions or summaries, etc. thereof;

(ii)    the representative shall be permitted to review Confidential Information or Highly Confidential Information of the other party only in the presence of outside counsel;

(iii)    the representative shall not, under any circumstances, have any access to any pending patent application of the other party; and

(iv)    to the extent the representative takes any notes during any portion of a deposition, hearing or trial at which such representative is permitted to attend and which is designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by the other party pursuant paragraph 2 and/or paragraph 9, such notes shall be retained in the possession of outside counsel and the representative shall not keep any copies thereof.

(v)    in the event that the designated technical representative is not able to perform the review of the disclosure pursuant to paragraph 3(c), a substitute technical representative may be designated, provided that the party wishing to designate such substitute technical representative shall notify the opposing counsel in writing, identifying the person to whom the information is intended to be disclosed, and prior to disclosure, shall obtain from such person a signed agreement in the form attached hereto as Exhibit A to be bound by the terms of this Stipulated Protective Order.  The opposing counsel will respond in writing, within five (5) business days of receipt of notice, either approving the disclosure or specifically stating all

Stipulated Protective Order

reasons for objecting to the disclosure. No objection shall be interposed except in good faith. If the parties cannot resolve their dispute on an informal basis, the party desiring disclosure may move for a modification of this Order to permit the disclosure.

(b)     Prior to the disclosure of any material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to persons identified in paragraph 3(c) above, the party wishing to make such disclosure shall notify counsel for the designating party in writing, identifying the person to whom the information is intended to be disclosed, and prior to disclosure, shall obtain from such person a signed agreement in the form attached hereto as Exhibit A to be bound by the terms of this Stipulated Protective Order. The foregoing does not require an identification of the material that is intended to be disclosed. Counsel for the designating party will respond in writing, within five (5) business days of receipt of notice, either approving the disclosure or specifically stating all reasons for objecting to the disclosure. No objection shall be interposed except in good faith. If the designating party objects to the person to whom the information is intended to be disclosed, no disclosure shall be made under the Stipulated Protective Order until such dispute is resolved. If the parties cannot resolve their dispute on an informal basis, the party desiring disclosure may move for a modification of this Order to permit the disclosure.

6.     With respect to Confidential Information or Highly Confidential Information elicited during hearings and other proceedings, whenever counsel for any party

Stipulated Protective Order

8

Case 1:00-cv-06977-CBA-JMA    Document 27    Filed 07/22/04    Page 9 of 19

deems that any question or line of questioning calls for the disclosure of information that should be kept "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL", counsel may designate on the record prior to such disclosure that the disclosure is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL". Whenever matter designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is to be discussed in hearing or other proceeding, any party claiming such confidentiality may request that the Court exclude from the room any person who is not entitled under this Order to receive information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL".

7.    All discovery materials provided by third parties may be made, by separate written agreement, specifically subject to the terms of this Order. Such nonparties and/or the Parties may designate documents or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in accordance with this Order. Any designation by such nonparties shall have the same force and effect as if made pursuant to the terms of this Order. The provisions of paragraph 22 relating to a challenge on the assertion of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" status shall apply also to discovery materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by non-parties.

8.    In the event a party wishes to foreclose access to Confidential Information, Confidential Documents, Highly Confidential Information, Highly Confidential Documents

Stipulated Protective Order

9

and/or Related Materials, in whole or in part, to any person, that party may, upon a showing of good cause, move the court ex parte for an appropriate order precluding access.  Once such a motion has been filed, Confidential Information, Confidential Documents, Highly Confidential Information, Highly Confidential Documents and/or Related Materials shall not be disclosed to such person before the Court rules on such motion.

9.     If counsel for any party believes that examination of any witness on deposition will require disclosure of information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL", counsel will notify opposing counsel, and that part of the deposition shall be taken in the presence of only persons authorized to receive Confidential Information or Highly Confidential Information.

10.     In the event that Confidential Information, Confidential Documents, Highly Confidential Information, Highly Confidential Documents and/or Related Materials are used in any court proceeding in this action, they shall not lose their confidential or highly confidential status through such use, and the party using such material shall take all steps reasonably available to protect their confidentiality during such use.

11.     This Order shall not be deemed a waiver of any party's right to object to the production, disclosure or admissibility of Confidential Information, Confidential Documents,

Stipulated Protective Order

Highly Confidential Information, Highly Confidential Documents and/or Related Materials or

the taking of any testimony or other evidence on any basis other than their confidential or highly

confidential status pursuant to this Order.

12.     The disclosure of the Confidential Information, Confidential Documents,

Highly Confidential Information, Highly Confidential Documents and/or Related Materials shall

not be deemed as a waiver in whole or in part of a party's claim of confidentiality, either as to the

specific information disclosed or as to any other information relating thereto or in the same or

related subject matters.

13.     The inadvertent production of any item without it being designated

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" will not be deemed a waiver of any claim

that the item designated is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL".  If a party

through inadvertence produces any item designated "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL" without designating it as such under this Order, the producing party may

furnish a substitute item properly marked along with written notice to all parties (or written

notice alone as to non-documentary information) that such item is deemed "CONFIDENTIAL"

or "HIGHLY CONFIDENTIAL" and should be treated as such.  The receiving party (or parties)

must treat such information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" from the

date the notice is received. Disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information prior to this receipt of notice will not be deemed a violation of this Order.

14.     The terms of paragraph 2 regarding the marking of documents will not control where a party, in response to a document request, elects to make originals or working copies of documents available to outside counsel for the receiving party (or parties) for review before making production copies. In that case, a producing party is not obligated to make any confidentiality designation upon such documents at the time they are made available. Instead, all documents at the time they are made available to outside counsel for the receiving party shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" until the producing party delivers production copies, at which time the confidentiality designations (including no designation) the producing party will have made will control. Any originals or working copies of documents that outside counsel for the receiving party has elected not to have copied, and any notes or summaries thereof, will continue to be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL".

15.     All exhibits and other documents filed with the Court in this action that contain or describe information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL", shall be filed in sealed envelopes or other appropriate sealed containers bearing the case caption, the title of the document being filed and the legend:

Stipulated Protective Order

12

This envelope, containing documents which are filed in this case
by [name of party], is not to be opened nor the contents thereof to
be displayed or revealed except by stipulation of the parties or by
order of this Court.

16.     All information or materials received by a party from the producing party

pursuant to this Stipulated Protective Order which contain information designated

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL", shall be used solely for the purpose of

this action and for no other purpose, and shall not be disclosed to any person not authorized to

receive such information or materials pursuant to this Stipulated Protective Order.

17.     The restrictions set forth in any of the preceding paragraphs shall not apply

to information which:

a.     was, is, or becomes public knowledge, not in violation of this

Stipulated Protective Order;

b.     is acquired from a third party lawfully possessing such information

and having no confidentiality obligation with respect thereto; or

c.     was lawfully possessed by the receiving party prior to receipt

thereof in this action.

18.     Disclosure or production by the designating party of information

designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as provided herein shall not in

Stipulated Protective Order

any manner prejudice the right of any party to contend that any subject matter or information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is legally protectable confidential information or trade secrets of the designating party or should be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under this Stipulated Protective Order. In the event that a party disagrees with any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation, the parties shall try first to resolve such dispute on an informal basis. If necessary, application may be made to the Court for relief, and the party contending that the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information is legally protectable confidential information shall have the burden of applying for such relief from the Court and shall have the burden of proving that the disputed information is legally protectable.

19.     Nothing in this Stipulated Protective Order shall be deemed a waiver of a party's right to oppose production of any information or documents for any reason other than that such information or document contains or comprises confidential or highly confidential information.

20.     Within thirty (30) days after the conclusion of this case, counsel shall assemble and return to the other counsel all copies of Confidential Documents, Highly Confidential Documents and/or Related Materials in their possession and in the possession of any person to whom they have disseminated Confidential Documents, Highly Confidential

Stipulated Protective Order

14

Documents and/or Related Materials.  Alternatively, counsel may destroy all received

Confidential Documents, Highly Confidential Documents and/or Related Materials and shall

certify in writing that such destruction has occurred. Notwithstanding anything to the contrary in

the foregoing, each counsel and its firm may retain one copy of all deposition transcripts and

exhibits thereto in this case and one complete set of pleadings and papers filed with the Court or

served on the other side so long as it is maintained in accordance with this Order.

        21.     The disclosure or production by the designating party of information shall

be without prejudice to any claim by the designating party that such material is privileged within

the meaning of Rule 26 or protected from discovery as work-product within the meaning of Rule

26; and no party shall be held to have waived any of its rights under Rule 26 by such production.

If, after such material is produced, a claim of privilege or work-product is subsequently made,

the receiving party shall take reasonable steps to ensure that all known copies of such discovery

material are returned promptly to the producing party.  If data or information has been extracted

from discovery material which is subsequently returned, to the extent possible, the information

and/or data will be expunged and not used.  However, to the extent that, prior to being notified of

the inadvertent production, the receiving party uses in good faith such information and/or data in

documents filed with the Court or at depositions, the receiving party will have no obligation to

expunge such information and/or data from, or otherwise to alter, any such document filed with

the Court or the transcript of any such deposition.  After the return of such material, claims of

Stipulated Protective Order

privilege or work-product may be submitted for resolution pursuant to further order of the Court

or by subsequent agreement of the parties.  That determination shall be made without regard to

the fact that such material was inadvertently produced.  In addition, such material will not be

subject to production in any other proceeding by virtue of the fact that it has been inadvertently

disclosed in this proceeding.

22.    Nothing in the foregoing provisions of this Order shall:

a.    Limit any party in the introduction of Confidential Information,

Confidential Documents, Highly Confidential Information, Highly Confidential Documents

and/or Related Materials into evidence, subject to the designating party's right to seek protection

from the Court;

b.    Prevent a party from objecting to discovery which it believes to be

improper; or

c.    Limit any party's disclosure or use of Confidential Information,

Confidential Documents, Highly Confidential Information, Highly Confidential Documents

and/or Related Materials that were produced by that party.

23.    If any party is served with a subpoena to produce Confidential

Information, Confidential Documents, Highly Confidential Information, Highly Confidential

Documents and/or Related Materials, or ordered by a Court to do so, the party shall give

Stipulated Protective Order

16

immediate written notice to the producing party to allow the producing party to seek protection

by the Court or appointed discovery referee.


      24.    This Stipulated Protective Order shall remain in full force and effect

throughout this action until modified, superseded or terminated by order of the Court or by

agreement of the parties.


      Dated this __14__ day of __July__, 2001.

      IT IS SO ORDERED.


                _____

                United States District Judge

AGREED TO:

PLAINTIFF
GOLDEN BAY ENTERPRISES, INC.

By its attorneys,


James W. Badie, Esq.
The Empire State Building
350 Fifth Avenue, Suite 6110
New York, New York 10118
Telephone:  (212) 244-5362
Facsimile:   (212) 564-5131


DEFENDANT
WAL-MART STORES, INC.

By its attorneys,


John James McGlew, Esq.
McGlew and Tuttle
Scarborough Station
Scarborough, NY 10510-0827
Telephone:  (914) 941-5600
Facsimile:   (914) 941-5855

Stipulated Protective Order

3.     Specifically, I agree to hold in confidence and not to disclose to any person not similarly bound by the Stipulated Protective Order any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information disclosed to me in the course of this litigation.

4.     I agree to return all documents containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information to outside counsel, by whom I have been retained, at the conclusion of this litigation.

5.     I acknowledge that the Court may sanction me in the event that I violate the provisions of the Stipulated Protective Order, and I hereby agree to submit to the jurisdiction of this Court for this purpose.

Executed on:_____

_____
Declarant's Signature

_____
Printed or Typed Name

By:_____

Printed Name:_____

Address:_____

Firm and Title: _____

_____

Dated:_____