# SETTLEMENT AND COVENANT NOT TO SUE AGREEMENT

Settlement Agreement and Covenant Not to Sue Agreement, effective as of this _20th_ day of _September_, 2004, (hereinafter "Agreement") is entered into by, between and among

Golden Bay Enterprises, LLP., a corporation of the State of New York, having a principal place of business at 73-75 Sealey Avenue, Hempstead, New York 11550 (hereinafter called "Golden Bay"),

Mr. Chin Chen Chang of Wein Ace Decorative Lamp Co., Ltd., having a principal place of business in Long Zhu Bridge, Tao Yuan Town, Hsahan, Guang Dong, P. R. China (hereinafter, "Wein Ace"), and

Willis Electric Co. Ltd., a corporation organized and existing under the laws of New York, with a principal place of business at 14th Floor, No. 55, Hsin-Yi Road, Section 4, Taipei, Taiwan, R. China (hereinafter "Willis Electric").

WHEREAS, Mr. Chin Chen Chang has assigned to Golden Bay, the entire right, title, and interest in and to, United States Patent 5,645,342 and counterpart patents and/or applications in other countries all of which are listed on Appendix I, all such patents and applications, including any re-issue, re-examined patent, divisional or continuation applications being hereinafter collectively referred to as the "Patents."

WHEREAS, on or about March 13, 2001, a Civil Action bearing Docket Number CV-00-6977 was filed in United States District Court for the Eastern District of New York and on or about May 21, 2001, a Civil Action bearing Docket Number CV-01-2208 (hereinafter jointly "Civil Actions") was filed in United States District Court for the Eastern District of New York (hereinafter "the Court") by Golden Bay alleging, inter alia, infringement of the United States Patents No. 5,645,342 by Christmas net lights manufactured and sold by Willis Electric to Wal-Mart Stores, Inc., Inliten, and Atico (hereinafter "Third Party Beneficiaries").

WHEREAS, the Third Party Beneficiaries filed answers in which the Third Party Beneficiaries, inter alia, denied infringement of any of the patents in suit.

WHEREAS Mr. Chin Chen Chang of Wein Ace has applied for and received other patents in addition to the patent that is the subject of the Civil Actions; and

WHEREAS Willis Electric contends that no Golden Bay patent is infringed and that one or more Golden Bay patents are wholly or partially invalid; and

WHEREAS the parties now desire to settle their differences, resolve this dispute which is at issue in the Civil Actions, forever discharge this dispute and avoid future intellectual property disputes involving any other inventions, patents, trademarks, trade secrets, or copyrights of Golden Bay and Wein Ace;

*Exhibit "1"*

NOW THEREFORE in consideration of the mutual promises and undertaking set forth in this agreement and for other good and valuable consideration, the receipt of which is conclusively acknowledged, the parties to this Agreement agree as follows:

## SECTION 1 - WARRANTIES AND CERTIFICATION

1.1     Golden Bay warrants that it is the owner of the entire right, title and interest in and to the Patents and that it has the absolute right to represent Mr. Chin Chen Chang of Wein Ace and hereby further warrants that Golden Bay shall indemnify Willis Electric, its agents, and customers from any future disputes initiated by or on behalf of itself or Mr. Chin Chen Chang of Wein Ace.

1.2     Willis Electric warrants that it is authorized to accept these warranties.

## SECTION 2 - RELEASE

2.1     Golden Bay and Wein Ace release Willis Electric's agents, resellers, Third Party Beneficiaries, customers, clients, employees, owners, heirs, executors, administrators, successors and assigns (hereinafter, "related entities") from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgements, extents, executions, claims and demands whatsoever in law, admiralty, or equity, which against Willis Electric, Willis Electric's agents, resellers, customers, clients, heirs, executors, administrators, successors and assigns ever had, now have or hereinafter can, shall or may, have for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this Agreement.

2.2     Golden Bay and Wein Ace covenant not to sue Willis Electric and its related entities, especially Willis Electric customers and Willis Electric's Third Party Beneficiaries, as to any U.S. and Foreign patents currently assigned to Golden Bay or licensed to Golden Bay and any other U.S. or Foreign patents issuing to Golden Bay as assignee based on patent applications filed on or before the date of execution of this Agreement.

2.3     Golden Bay and Wein Ace covenant not to sue Willis Electric and its related entities, especially Willis Electric customers and Willis Electric's Third Party Beneficiaries, as to any trade dress or trademark action based on products, trademarks and packaging designs used by Willis Electric prior to the date of execution of this Agreement.

## SECTION 3 - CONSIDERATION

3.1     In settlement of Civil Actions and consideration of the foregoing, Willis Electric agrees to pay to Golden Bay Two Hundred Thirty Thousand dollars ($230,000) after the execution of this Agreement and upon the entry of the dismissal of the Civil Action as herein provided according to the terms of paragraphs 3.2 hereof, which payments, when made, shall constitute total payment to Golden Bay hereunder.

3.2     Within five business days of receipt of two counterparts of this agreement, duly executed by James Hsi of Golden Bay individually and on behalf of Golden Bay and

by Mr. Chin Chen Chang of Wein Ace individually and on behalf of Wein Ace, by the offices of McGlew and Tuttle, Willis Electric shall bank wire transfer Two Hundred Thirty Thousand Dollars ($230,000) to a designated escrow account owned by McGlew and Tuttle. Bank charges for the transfer will be paid by Willis Electric.

3.3     Within five business days of receipt of Judge's signed order dismissing the Civil Actions as provided in the following paragraph 4.1 herein, McGlew and Tuttle shall transfer Two Hundred Thirty Thousand Dollars ($230,000) to an account designated by Mr. Jimmy Hsi. Any charges for the transfer and receipt of the $230,000 at account number 440440052 in the name of ~~James Hsi~~, of Golden Bay is to be paid by Golden Bay.
GOLDEN BAY ENTERPRISES, INC.
WASHINGTON MUTUAL BANK

## SECTION 4 - DISMISSAL OF THE CIVIL ACTION

4.1     Golden Bay expressly agrees and Willis Electric expressly agrees that within three (3) business days of the completed bank wire transfer under Subsection 3.2 and after execution of this Agreement, the stipulation of dismissal in the form attached as APPENDIX II will be filed with the Court requesting a Dismissal of the Civil Actions with prejudice.

## SECTION 5 – VENUE AND JURISDICTION

5.1     Golden Bay, Wein Ace and Willis Electric agree that the Court shall maintain jurisdiction of the parties as to this Agreement.

5.2     Golden Bay, Wein Ace and Willis Electric agree that as to the enforceability of this Agreement there exists no adequate remedy at law. Further, Golden Bay, Wein Ace and Willis Electric agree that New York law, irrespective of any Conflict of Laws doctrines shall govern and control the enforceability of this Agreement and this agreement shall be construed and interpreted in accordance with the laws of the State of New York. In addition, Golden Bay, Wein Ace and Willis Electric agree that in the event an action is commenced to enforce this Agreement, said action will be commenced in the United States District Court for the District of New York. Golden Bay, Wein Ace and Willis Electric hereby forever waiving any challenge as to venue or jurisdiction.

## SECTION 6 – COSTS AND FEES

6.1     Golden Bay, Wein Ace and Willis Electric hereby agree that each entity shall bear its own costs of suit and attorneys fees, and waive any claim to interest or other statutory compensation as regards the Civil Action or any action to enforce the terms and provisions of this Agreement.

## SECTION 7 – COOPERATION

7.1     In the future, should Willis Electric decide to consider the use of Patents of Golden Bay or Wein Ace, Golden Bay and Wein Ace shall allow the use of such Patents under a mutually agreed term.

## SECTION 8- GENERAL PROVISIONS

8.1     Any communication required or permitted to be given by, either party pursuant to this Agreement shall be sent by Federal Express or similar courier service.

8.2     This Agreement constitutes the entire Agreement between the parties and there are no understanding, representations or warranties not referred to or set forth in this Agreement.

8.3     All Section titles are inserted in this Agreement for reference only and are without contractual effect.

8.4     This Agreement shall inure to the benefit of, and shall be binding upon, the respective heirs, representatives, legal successors in interest and assigns of each party hereto.

8.5     This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

8.6     The provisions of this Agreement are severable, and should any provision, for any reason, be unenforceable; the balance shall, nonetheless, be of full force and effect.

8.7     This Agreement may not be modified except in a writing, signed by all parties with such writing making specific reference to this agreement.

8.8     Neither party hereto shall file this settlement and covenant not to sue agreement in any court except for an action commenced to enforce this Agreement.

8.9     Neither party hereto shall disclose the terms of this settlement and covenant not to sue agreement to any third party not referenced in the release (section 2) of this settlement and covenant not to sue agreement.


IN WITNESS WHEREOF, Golden Bay, Wein Ace, and Willis Electric have caused this Agreement to be executed by their authorized representatives as of the day, month and year set forth on the first page hereof.


The Golden Bay Enterprises, LLP.
By:
Name:   Jimmy Hui
Passport Number:   157512 970
Title:   President


Attest:


The Wein Ace Decorative Lamp Co., Ltd.
By:   Chin Chen Chang
Name:   Chin Chen Chang
Passport Number:   13326 1700
Title:   President


Attest:   Li Mei Shen

Willis Electric Incorporated
By: _(signature)_
Name: HENRY H. S. Wu
Passport Number: 111700722
Title: ~~President~~ Director 42.

Attest:

APPENDIX I.

List of Patents:     5,645,342

APPENDIX II.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

Golden Bay Enterprises,                           )
                                                  )
                    Plaintiff,                    )
                                                  )
         vs.                                      )    C.A. No.: CV-00-6977
                                                  )
Wal-Mart Stores, Inc.                             )
                                                  )
                    Defendant.                    )


AND

Golden Bay Enterprises.                           )
                                                  )
                    Plaintiff,                    )
                                                  )
         vs.                                      )    C.A. No.: CV-01-2208
                                                  )
Atico International and Inliten, LLC              )
                                                  )
                    Defendant.                    )


STIPULATION OF DISMISSAL

        The parties have entered into a settlement agreement as to all issues before the
court in the captioned matter, and hereby stipulate dismissal of the Complaint and all
Counterclaims with prejudice with the Court retaining jurisdiction of the parties as to
settlement, and with each party bearing its own costs and attorney's fees.
        It is so ORDERED this _____ day of _____, 2004.


                                        _____
                                        Joan M. Azrack
                                        United States Magistrate Judge

STIPULATED TO

James Badie
Counsel for Plaintiff

John James McGlew
Counsel for Defendant