## STOLL, MISKIN & BADIE

ATTORNEYS AT LAW
4710 EMPIRE STATE BUILDING
350 FIFTH AVENUE, NEW YORK, NY 10118

JAMES W. BADIE
HOWARD C. MISKIN
ROBERT S. STOLL
GLORIA TSUI-YIP

PHILIPPE ZYBERG

SAMUEL J. STOLL (1947-2001)
DORIS S. HOFFMAN (1970-1997)

OF COUNSEL
DAVID M. McCONOUGHEY
JOHN P. McMAHON

TELEPHONE: (212) 244-5632
FAX: (212) 244-1364
(212) 268-0904
E-MAIL: BADIELAW@WORLDNET.ATT.NET

September 25, 2007

VIA FACSIMILE 914.941.5855

John James McGlew, Esq.
McGlew and Tuttle, P.C.
Scarborough Station Plaza
Scarborough, New York 10510-9227



Re: Golden Bay Enterprises, Inc. v. Wal-Mart Stores, Inc.
Civil Action No.: CV-00-6977-CBA-JMA
Golden Bay Enterprises, Inc. v. Inliten
Civil Action No.: CV-01-2208
Your Reference: 69916/70176

Dear Mr. McGlew:

I have received your letter of September 20, 2007 which is in response to our letter of August 28, 2007 to Willis Electric Co. Ltd.

The content of your letter was somewhat predictable but does not dispose of the issues since we believe that your client has disregarded Section 7 of the settlement agreement which was drafted by you or your client.

The Settlement Agreement sets forth in the first Whereas Clause:

> WHEREAS, Mr. Chin Chen Chang has assigned to Golden Bay, the entire right, title, and interest in and to, United States Patent 5,645,342 and counterpart patents and/or applications in other countries all of which are listed on Appendix I, all such patents and applications, including any re-issue, re-examined patent, divisional or continuation applications being hereafter collectively referred to as the "Patents."



*Exhibit "4D"*

Letter to John James McGlew, Esq.
McGlew and Tuttle, P.C.
September 25, 2007

Page –2–

The term "Patents" in Section 7 clearly includes United States Patent No. 5,645,342 and if your client sells or distributes products in the United States which are covered by the "Patents", it can only do so under "a mutually agreed term". Otherwise there was no need for your client to include such provision in the settlement agreement. Thus, contrary to the statement in your letter, the settlement agreement is not restricted to "new patents".

My client wishes to avoid litigation even though it has come to its attention that your client is selling and/or distributing in the United States products that are covered by U.S. Patent No. 5,645,342. If your client wishes to renegotiate the settlement agreement, my client will be pleased to discuss the terms of such renegotiated agreement in order to avoid further disputes or litigation.

Very truly yours,

James W. Badie

JWB/ns

cc:   Mr. James Hsi