# McGlew and Tuttle, P.C.

PATENT, TRADEMARK, COPYRIGHT, AND UNFAIR COMPETITION CAUSES

*Counselors at Law*

JOHN JAMES MCGLEW
BS, JD
N.Y., N.J. AND D.C. BARS
DIRECT TEL: (914)-941-5775
EMAIL:JJMCGLEW@MCGLEWTUTTLE.COM

SCARBOROUGH STATION PLAZA
SCARBOROUGH, NEW YORK 10510-9227

TEL: (914) 941-5600
FACSIMILE: (914) 941-5855
Email:M&T@mcglewtuttle.com

October 1, 2007

FACSIMILE NOTICE: This transmission may be an attorney-client communication which is privileged and confidential. If you are not the intended recipient, or an agent responsible for delivering this to the intended recipient, you have received this document in error and any review, dissemination, distribution or copying of this message is prohibited. If you have received this communication in error, please notify us immediately by telephone 1 914 941 5600 and return the original message to us by mail. We will pay the cost of return.

**VIA FACSIMILE AND MAIL**
**TRANSMISSION LENGTH: 2 PAGES**

[FAXED 10.1.07]

Stoll, Miskin & Badie
The Empire State Building
350 Fifth Avenue, Suite 4710
New York, New York 10001-3600
ATTN.: Mr. James W. Badie, Esq.

RE: Golden Bay Enterprises, Inc. v. Wal-Mart Stores, Inc.
Civil Action No.: CV-00-6977-CBA-JMA
Golden Bay Enterprises, Inc. v. Inliten
Civil Action No.: CV-01-2208
Our Ref.: 69916/70176

Dear Mr. Badie:

We have received your letter of September 25, 2007. I have passed this letter on to Willis Electric Co. Ltd.

We do not understand why any issues regarding US 5,645,342 are being raised by you. It appears that your client does not understand that any lawsuit initiated based on US 5,645,342 constitutes breach of contract and contempt of court. We will take all actions to recover damages for such breach and we will pursue this with a contempt of court hearing if any action is initiated by Golden Bay on patents that existed at the date of the agreement or patents which issued based on applications which existed at the date of the agreement. Willis Electric Co. Ltd. paid valuable consideration for the agreement including the covenant not to sue.

The agreement is based on input of all the parties. "The" patents and appendix I are referenced in the warranty and certification of Section 1. Section 7 of the agreement does not refer to "the" patents and does not refer to the patents listed in appendix I. The section clearly relates to future patents. Future cooperation does not require renegotiation of a covenant not to sue and there is nothing which negates the

*Exhibit "4E"*

Stoll, Miskin & Badie
October 1, 2007
Page 2

clear and unequivocal covenant not to sue. There is nothing in Section 7 which takes away the absolute and specific agreement by which Golden Bay and Wein Ace covenant not to sue Willis Electric Co. Ltd., Willis Electric customers and Willis Electric third-party beneficiaries in exchange for a large sum of money.

We have not forgotten the factual information that we gathered which indicated that US 5,645,342 is invalid based on sales / offers for sale in the United States more than a year prior to the initial filing date. We also noted that the accused products did not infringe US 5,645,342. We frankly think Golden Bay received too much money for this covenant not to sue. We certainly will aggressively act to have this patent invalidated once and for all, if any action is initiated. Of course the initiation of any action by you will result in a contempt hearing and ruling of breach of contract. We believe that your client should be made well aware of this fact. Any action or continuation of this discussion constitutes a breach of contract in fact with ensuing damages.

Although we are certainly willing to cooperate with regard to new patents that cover new products, we are not willing to renegotiate what we have obtained for valuable consideration. Golden Bay and Wein Ace are contractually not permitted to bring any action against Willis Electric Co. Ltd. as to US 5,645,342. This will not change. As such, we are not willing to discuss this past settlement matter any further.

Very truly yours,
McGlew and Tuttle, P.C.

John James McGlew

JJM/jj
699168-C2
Copy to: Michael Wu