# MCGLEW AND TUTTLE, P.C.

PATENT, TRADEMARK, COPYRIGHT, AND UNFAIR COMPETITION CAUSES

*Counselors at Law*

JOHN JAMES MCGLEW
BS, JD
N.Y., N.J. AND D.C. BARS
DIRECT TEL: (914)-941-5775
EMAIL: JJMCGLEW@MCGLEWTUTTLE.COM

SCARBOROUGH STATION PLAZA
SCARBOROUGH, NEW YORK 10510-9227

TEL: (914) 941-5600
FACSIMILE: (914) 941-5855
Email: M&T@mcglewtuttle.com

February 1, 2008

**VIA FEDERAL EXPRESS**
Magistrate Judge Joan M. Azrack
United States District Court
Eastern District of New York
225 Cadman Plaza East -- Room 1210S
Brooklyn, New York 11201

RE: Golden Bay Enterprises, Inc. v. Wal-Mart Stores, Inc.
Civil Action No.: CV-00-6977-CBA-JMA
Our Ref.: 69916

Dear Judge Azrack:

I represent Willis Electric Co. Ltd. The above referenced lawsuit was brought based on Christmas net lights manufactured and sold by Willis Electric to Wal-Mart Stores, Inc., Inliten, and Atico (hereinafter "Third Party Beneficiaries"). The action was settled on September 20, 2004 based on Willis Electric entering into a settlement agreement. The settlement agreement is based on Willis Electric paying valuable consideration ($230,000) and Plaintiff agreeing inter alia to release and to not sue Willis Electric or the third-party beneficiaries as to any patents owned or licensed to Plaintiff (e.g., 5,645,342) as well as to patents issuing on patent applications filed on or before September 20, 2004. I am attaching a printout which I believe includes text which is a true copy of the almost illegible agreement copy filed with Plaintiff's motion papers.

I have received the Notice of Motion and related papers filed by Plaintiff's attorney. This does not detail any basis for reopening the case. Further, there is no information as to what such a reopening of the settled case entails. At this time I do not represent the third party beneficiaries and it is not clear to me that any alleged dispute involves such third-party beneficiaries. It would appear that a reopening of the case would involve all of the initial parties whereas a request to enforce the settlement agreement would involve the parties to the settlement agreement -- the entities Golden Bay Enterprises, LLP (Plaintiff), The Wein Ace Decorative Lamp Co., Ltd (the owner of US patent 5,645,342) and Willis Electric.

As the notice does not provide any information as to what the motion is about, there is no actual notice. However, I believe that the exchanged correspondence referenced in the letter to the Court (dated January 22, 2008) refers to some unspecified net lights found in stores within the New York area which are alleged to infringe United States Patent number 5,645,342. This patent was specifically the basis of the release and covenant not to sue. There is no information in the correspondence as to what

*Exhibit "7"*

Magistarte Judge Joan M. Azrack
United States District Court
Eastern District of New York
February 1, 2008
page 2

stores are involved and there is no information that the third-party beneficiaries are involved.

As Willis Electric has paid valuable consideration for the release and covenant not to sue (specifically with regard to United States patent number 5,645,342), I have pointed out to Plaintiff's attorney that there is no violation of the settlement agreement by Willis Electric. However, any assertion of this patent by Plaintiff is itself a violation of the agreement. I further pointed out that Section 7 of the agreement clearly relates to future patents and future designs in which the parties are to cooperate. Section 7 does not negate the absolute and specific agreement by which Golden Bay and Wein Ace release and covenant not to sue Willis Electric Co. Ltd. or its third-party beneficiaries regarding United States patent number 5,645,342.

As the notice of motion does not present any information as to what the motion refers to, and given that the dispute appears to be over an agreement entered into by Plaintiff, Wein Ace and Willis Electric, it is requested that this be clarified and that the interested parties have an opportunity to oppose such clarified motion. It is requested that the Court advise the undersigned as to whether opposition to any clarified motion requires input and opposition by the original defendants or if only the parties to the agreement are involved in opposing whatever it is the motion concerns. It is further requested that if any oral hearing is to be scheduled, that it take place on a date other than February 22, 2008 as the undersigned has family obligations on that date.

Respectfully submitted,

John James McGlew
McGlew and Tuttle, P.C.
Attorney for Willis Electric Co. Ltd.

JJM:jj
69919-08c1

Enclosed:   Letters exchanged August 07-October 07 and copy of printout of settlement and covenant not to sue agreement (unsigned).

COPY: Mr. James W. Badie, Esq
      Stoll, Miskin & Badie
      The Empire State Building
      350 Fifth Avenue, Suite 4710
      New York, New York  10118