```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
GOLDEN BAY ENTERPRISES, INC.,                              :
                                                           :
                              Plaintiff,                   :  Civil Action No. CV-00-6977(JMA)(CBA)
                                                           :
        -against-                                          :
                                                           :
WAL-MART STORES, INC.,                                     :
                                                           :
                              Defendant.                   :
-----------------------------------------------------------X
```

## PLAINTIFF'S REPLY BRIEF

Defendant's Memorandum filed in opposition to the Brief of GOLDEN BAY ENTERPRISES, INC. ("Golden Bay") should be disregarded since it is based only on hearsay and counsel's arguments without any affirmation by anyone with knowledge of the background facts relating to the Settlement and Covenant Not To Sue Agreement dated September 20, 2004 ("Settlement Agreement").

John James McGlew, the attorney who has signed the memorandum in opposition has not even alleged, much less proven, that he had knowledge of the background negotiations which led to the execution of the Settlement Agreement.

The "associate" who allegedly typed some of the text of the Settlement Agreement has not been named and there is no affirmation by this "associate" regarding his knowledge about the Settlement Agreement.

1

At page 2 of said memorandum reference is made to "further changes specifically specified by Golden Bay". It is submitted by the plaintiff in the Declaration of James Hsi in support of its brief that these specific changes were requested by Golden Bay for inclusion of Section 7.1 of the Settlement Agreement.

Why has defendant failed to submit any affirmation by Henry H.S. Wu, who signed the Settlement Agreement on behalf of Willis Electric? Who are these alleged employees of Willis Electric who supposedly can submit statements for Willis but have not presented any statement in support of the memorandum in opposition, as stated on page 2, last paragraph of the memorandum?

Defendant has cited, at page 3, cases relied on by plaintiff in its brief relating to the use of extrinsic evidence. As plaintiff has stated in its brief, however, the Settlement Agreement <u>unambiguously</u> requires in Section 7.1 that:

> In the future, should Willis Electric decide to consider the use of Patents of Golden Bay or Wein Ace, Golden Bay and Wein Ace shall allow the use of such Patents under a mutually agreed term.

Defendant has failed to explain why was it agreed to inclusion of Section 7.1 in the Settlement Agreement.

At page 4 of its memorandum, defendant states that the Settlement Agreement was to end the lawsuit. As plaintiff stated in its brief, the Settlement Agreement was to end the existing lawsuit and any amount paid by Willis Electric to Golden Bay was in consideration of ending the lawsuit and for past damages. It did not grant to Willis Electric the use of the Patents in the future. Otherwise, there would be no need for Section 7.1. Willis Electric ignored Section 7.1, and, by its own admission, continued to sell products covered by the Patents of Golden Bay (see page 4, last paragraph).

Defendant's interpretation of Section 3 of the Settlement Agreement is flawed and does not exonerate it from future violations. Section 3.1 of the Settlement Agreement reads as follows:

> 3.1 In settlement of Civil Actions and consideration of the foregoing, Willis Electric agrees to pay to Golden Bay Two Hundred Thirty Thousand dollars ($230,000) after the execution of this Agreement and upon the entry of the dismissal of the Civil Action as herein provided according to the terms of paragraphs 3.2 hereof, which payments, when made, shall constitute total payment to Golden Bay hereunder.

As previously stated, this section deals with termination of the pending lawsuit, not any future lawsuit, and the $230,000 payment shall constitute total payment to Golden Bay hereunder. If the Settlement Agreement intended the payment to be for dismissal of the pending action, past damages, and future use of Patents of Golden Bay it should have expressly so provided in that agreement.

3

As stated in the Declaration of James Hsi in support of the brief, in paragraph 6:

> At no time I agreed that the settlement include future use of the Patent and that is the reasons for inclusion of Section 7 in the Settlement Agreement. <u>I only agreed to discontinue the outstanding action and to accept $230,000 for discontinuing the action and for past damages</u>. (Emphasis supplied).

Defendant's reliance on plain language of the agreement is self-defeating and the case of <u>Chemical Bank v. Affiliated, Inc.</u>, 815 F. Supp. 2d 115 (S.D.N.Y. 1993), also cited at page 9 of plaintiff's brief, clearly supports plaintiff's position.

Notwithstanding defendants distorted and misleading reference to "Patents" at page 6, and erroneous explanation at page 7 regarding possibility of cooperation in the future, the fact remains, and the conclusion is inescapable, that <u>the only Patents in issue are the patent in suit and any patent issued based thereon</u>, i.e., "any counterpart patents and/or patent applications in other countries all of which are listed in Appendix I, all such patents and applications, including any re-issue, hereinafter collectively referred to as the "Patents".

There is nothing in the language of Section 7.1 of the Settlement Agreement relating to any "future events", the only provision in said section being that in the event Willis Electric intended to continue making products according to Golden Bay's Patents, it was required to discuss it with Golden Bay to arrive at a mutually agreed term. No other interpretation is tenable nor was it intended, as it is obvious from the express language of that Section.

4

At page 8, Defendant makes the bold assertion that "[W]ith the covenant not to sue Willis Electric was assured that the matter would not be raised again". This and the following assertions on page 8 are utter nonsense and, again, fly in the face of the express language of Section 7.1. The most reasonable interpretation, consistent with the Settlement Agreement, is that in the future, Golden Bay would not sue Willis Electric as long as Willis Electric arrived at a mutually agreement with Golden Bay. This was an affirmative duty required of Willis Electric if it intended to continue selling Christmas tree net lights covered by the Patents of Golden Bay.

## CONCLUSION

Defendant's memorandum in opposition is nothing more than counsel argument and without any affirmation by a person having knowledge of the facts relating to the negotiations which resulted in the Settlement Agreement.

Notwithstanding denial by counsel, the Settlement Agreement was prepared by or on behalf of the defendant and, therefore ambiguity, if any, must be construed against the defendant. Revson v. Cinque & Cinque, 221 F. 3d 59 (2d Cir. 2000), cited at page 9 of plaintiff's brief.

For reasons discussed above and in plaintiff's brief, and on the basis of the authorities cited in plaintiff's brief, Willis Electric should be ordered to comply with the Settlement Agreement, account for post settlement sales of Christmas tree lights under the Patent, and for such other and additional relief as the Court deems just and proper.

Respectfully submitted,

Dated: New York, New York
April 11, 2008

James W. Badie
*Attorney for Plaintiff Golden Bay Enterprises*
521 Fifth Avenue, Suite 3300
New York, New York 10175-3399
Telephone: (212) 244-5632

TO: John James McGlew, Esq.
McGlew and Tuttle, P.C.
*Attorneys for Defendant Wal-Mart Stores, Inc.*
Scarborough Station Plaza
Scarborough, New York 10510-9227
Telephone: (914) 941-5775

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2008, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following parties and participants:

        John James McGlew, Esq.
        McGlew and Tuttle, P.C.
        *Attorneys for Defendant Wal-Mart Stores, Inc.*
        Scarborough Station Plaza
        Scarborough, New York 10510-9227

        _____
        James W. Badie
        *Attorney for Plaintiff Golden Bay Enterprises*
        521 Fifth Avenue, Suite 3300
        New York, New York 10175-3399
        Telephone: (212) 244-5632