UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

GOLDEN BAY ENTERPRISES, INC.,

      Plaintiff,    : Civil Action No. CV-00-6977(JMA)(CBA)

 -against-

WAL-MART STORES, INC.,

      Defendant.
-------------------------------------------------------------X

## OBJECTIONS TO REPORT AND RECOMMENDATION OF MAGISTRATE

  In accordance with 28 U.S.C. §636(b)(1)(c) and Rule 72 of the Fed.R.Civ.P., plaintiff GOLDEN BAY ENTERPRISES, INC. ("Golden Bay") hereby objects to the Report and Recommendation of Hon. Joan M. Azrack, United States Magistrate Judge ("Magistrate") filed June 26, 2008 in the above-referenced action.[1]  In view of the following discussion, it is respectfully requested that the Report and Recommendation of the Magistrate should be set aside as clearly erroneous and contrary to law, and that an evidentiary hearing be scheduled to hear and consider the evidence presented by the respective parties and determine their respective rights under the Settlement and Covenant Not To Sue Agreement dated September 20, 2004

---

[1] *In accordance with Rules 6(a) and 6(e) of the Fed.R.Civ.P., plaintiff on June 30, 2008 requested (10) days extension of time to file its objection which was granted and "so ordered" on June 30, 2008, thus extending the time to July 17, 2008.*

1

("Settlement Agreement") which is in issue in this proceeding. The background of this Settlement Agreement is discussed at pages 1-6 of the "Brief of Golden Bay, Inc." filed in this court in support of Golden Bay's motion to reopen this case.

It is the position of Golden Bay that:

A.   The "Settlement Agreement" only settled the pending action for past infringement. It did not grant defendant, Willis Electric, the right to continue infringement of any of the Golden Bay patents, including the Patent in suit.

B.   As part of the settlement of the pending action, the Settlement Agreement obligated the defendant, Willis Electric, in Section 7, as follows:

> SECTION 7. COOPERATION
>
> 7.1   <u>In the future</u>, should Willis Electric decide to consider the use of Patents of Golden Bay or Wein Ace, Golden Bay and Wein Ace shall allow the use of such Patents under a mutually agreed term. (Emphasis supplied).

2

C.  The term "Patents" in Section 7.1, supra, as used in the first WHEREAS clause of the Settlement Agreement, refers to:

> ... United States Patent 5,645,342 and counterpart patents and/or applications in the other countries all of which are listed in Appendix I, all such patents and applications, including any re-issue, re-examined patents divisional or continuation applications being hereinafter collectively referred to as the "Patents".

The Magistrate Report and Recommendation has failed to recognize that all the other patents and patent applications are based on United States Patent No. 5,645,342, i.e., the patent in suit, and the term "Patents" encompasses all of said patents and patent applications. Thus, if Willis Electric, in the future, i.e., after the date of the Settlement Agreement, planned to use the Patents of Golden Bay, it could do so under a mutually agreed term. It follows that under such circumstances, Golden Bay also had to allow Willis Electric to use such Patents under a mutually agreed term. Willis Electric never even attempted to discuss any term with Golden Bay but simply ignored this provision of the Settlement Agreement.

3

D.  The Report and Recommendation of the Magistrate includes citations of several cases enunciating general principles of contract laws which are neither in dispute nor at issue. These cases do not support the position of Willis Electric, or the Magistrate for that matter, that the Settlement Agreement in this case put end to all issues. Contrary to the Report and Recommendation of the Magistrate and that of Willis Electric, Willis Electric did have an affirmative duty under Section 7.1 of the Agreement which it ignored. Neither the Magistrate nor Willis Electric explains why Section 7.1 was even necessary unless it was to impose an obligation on Willis Electric in the future.

E.  Augustine Medical, Inc. v. Progressive Dynamics, Inc., 194 F.3d 1367 (Fed. Cir. 1999), cited at page 7 of the Report and Recommendation of the Magistrate, is instructive on the issue of settlement. As it was expressly stated in that case, Id 1373:

> Consistent also with juridical interpretations of general release, it is the burden of the parties entering into a settlement agreement to expressly reserve in the agreement any rights that they wish to maintain beyond the date of the settlement agreement. The Supreme Court stated in *Cramp* that "general language . . . indicates an intent to make an ending of every matter arising under or by virtue of the contract. If the parties intend to leave some things open and unsettled, their intent so to do should be made manifest." Id. At 128, 27 S.Ct. 676 (Emphasis supplied).

4

As the court also said, Ibid:

> The rule for releases is that absent special vitiating circumstances, a general release bars claims based upon <u>events occurring prior to the date of the release</u>. (Emphasis supplied).

Clearly the parties in the case <u>sub judice</u> only settled their differences regarding prior acts (infringement) and specifically provided for future acts, thus requiring Willis Electric to discuss the terms for future use of the Golden Bay's Patents and arrive at a "mutually agreed term". Any contrary interpretation would make this provision nugatory. See <u>Chemical Bank v. Affiliated Ins. Co.</u>, 815 F.Supp. 2d 115 (S.D.N.Y. 1993).

F.    The Report and Recommendation of the Magistrate, in seeking to determine the "intent" of the parties to the Agreement, erroneously ignores the sworn affidavit of Jimmy Hsi on behalf of Golden Bay as "parol evidence", yet it completely ignores the fact that there is no affidavit or affirmation submitted on behalf of Willis Electric. John J. McGlew, Esq., who submitted a memorandum in opposition had no clue or personal knowledge of the negotiations or intents of the parties. Nor is any affirmation or affidavit submitted on behalf of the associate of Mr. McGlew who was only "involved in typing some of the text used in the final agreement". It is also curious that no affidavit was ever submitted on behalf of Mr. Henry Wu, who negotiated

5

and signed the Agreement on behalf of Willis Electric. It is also admitted at page 2 of the memorandum in opposition submitted by Mr. McGlew, that changes in the Agreement were specifically requested by Mr. Hsi. As Mr. Hsi stated in this affidavit in paragraphs 5 and 6:

> 5. At the conclusion of our negotiation I asked Mr. Wu about future use of the Patent and he stated that if WILLIS ELECTRIC decides to use the Patent it will discuss the terms for future use of the Patent with GOLDEN BAY.
>
> 6. At no time I agreed that the settlement include future use of the Patent and that is the reason for inclusion of Section 7 in the Settlement Agreement. <u>I only agreed to discontinue the outstanding action and to accept $230,000.00 for discontinuing the action and for past damages.</u> (Emphasis supplied).

Thus, the "intent" of the parties is ascertainable and support Golden Bay's position regarding future dealings and obligations of the parties.

G.  If the Settlement Agreement is unambiguous as stated in the Magistrate's Report and Recommendation, then Section 7.1 is unambiguous in its entirety, including its requirement regarding <u>future</u> obligation of Willis Electric. In any event, whether this section is ambiguous or not can be best resolved by a hearing to hear and determine the testimony of each party and its expressed intent when negotiating that Agreement.

6

## **CONCLUSION**

In view of the foregoing discussions, the Settlement Agreement only settled the parties' past disputes but expressly reserved their future rights and obligations. The court thus retained jurisdiction over the issues in that Agreement which are best determined by an evidentiary hearing to determine compliance with the future obligations imposed by that Agreement. Therefore, the Report and Recommendation of the Magistrate should be set aside and the case should be reopened to conduct the hearing.

Respectfully submitted,

Dated: New York, New York
       July __16__, 2008

James W. Badie
*Attorney for Plaintiff Golden Bay Enterprises*
521 Fifth Avenue, Suite 3300
New York, New York 10175-3399
Telephone: (212) 244-5632

TO:   John James McGlew, Esq.
       McGlew and Tuttle, P.C.
       *Attorneys for Defendant Wal-Mart Stores, Inc.*
       Scarborough Station Plaza
       Scarborough, New York 10510-9227
       Telephone: (914) 941-5775

## CERTIFICATE OF SERVICE

I hereby certify that on July __16__, 2008, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following parties and participants:

> John James McGlew, Esq.
> McGlew and Tuttle, P.C.
> *Attorneys for Defendant Wal-Mart Stores, Inc.*
> Scarborough Station Plaza
> Scarborough, New York 10510-9227

James W. Badie
*Attorney for Plaintiff Golden Bay Enterprises*
521 Fifth Avenue, Suite 3300
New York, New York 10175-3399
Telephone: (212) 244-5632

8