UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
GOLDEN BAY ENTERPRISES, INC.,

                                                         MEMORANDUM AND
                                                         ORDER

                  Plaintiff,
-against-                                                         00-CV-6977 (CBA) (JMA)

WALMART STORES, INC.,

                  Defendant.
-------------------------------------------------------------------x
AMON, United States District Judge:

      On January 22, 2008, plaintiff filed a motion to reopen this case, settled in 2004, alleging a breach of the settlement agreement. After briefing by the parties, on June 26, 2008, Magistrate Judge Joan M. Azrack issued a Report and Recommendation ("R&R"), recommending denial of plaintiff's motion to reopen. Plaintiff filed objections to the R&R on July 16, 2008. For the reasons set forth below, the Court adopts the R&R and denies the motion to reopen.

      **I. Facts**

      The reader is directed to Judge Azrack's R&R for a more comprehensive statement of the facts of this case. A brief summary follows. Plaintiff originally filed this action for patent infringement on November 27, 2000. Plaintiff commenced an additional action against other sellers of the allegedly infringing products, bearing the docket number 01-CV-2208. On September 20, 2004, plaintiff, along with Wein Ace Decorative Lamp Co., Ltd., the original applicant for the patents at issue, and Willis Electric, Inc., the manufacturer of the allegedly infringing products, executed a settlement agreement, which included a covenant not to sue and an agreement to dismiss both claims with prejudice (the "Settlement Agreement"). Plaintiff and the defendant Walmart Stores, Inc. filed a Stipulation of Dismissal of this action based upon this Settlement Agreement.

In the Settlement Agreement, the parties stated their intent to "settle their differences, resolve this dispute which is at issue in [the actions], forever discharge this dispute and avoid future intellectual property disputes involving any other inventions, patents, trademarks, trade secrets, or copyrights of Golden Bay and Wein Ace . . . ." (Pl. Br. Ex. 1 at 1.[1])  Golden Bay and Wein Ace agreed to release Willis Electric and any of its "related entities" from all former, current and future actions related to anything up to the date of the agreement.  (Id. at  2.)  Golden Bay and Wein Ace also covenanted not to sue

> Willis Electric and its related entities, especially Willis Electric customers and Willis Electric's Third Party Beneficiaries, as to any U.S. and Foreign patents currently assigned to Golden Bay or licensed to Golden Bay and any other U.S. or Foreign patents issuing to Golden Bay as assignee based on patent applications filed on or before the date of execution of this Agreement.

(Id.)

In consideration of that promise and in settlement of the two civil actions, Willis Electric agreed to pay to Golden Bay $230,000 after the execution of the Agreement and the dismissal of the actions.  Notably, there was no provision binding Willis Electric to cease and desist sales of the allegedly infringing products.

The penultimate section of the Settlement Agreement provides for cooperation among the parties.  It reads in its entirety:

> SECTION 7 – COOPERATION
> 7.1   In the future, should Willis Electric decide to consider the use of Patents of Golden Bay or Wein Ace, Golden Bay and Wein Ace shall allow the use of such Patents under a mutually agreed term.

(Id. at 3.)  Golden Bay's motion to reopen is predicated on an interpretation of this provision.

---

[1]The pages of the Settlement Agreement are not numbered; the Court will refer to them as if they were consecutively numbered.

**II. Discussion**

Magistrate Judge Azrack concluded that "Golden Bay has not demonstrated a breach of the settlement agreement nor otherwise presented cause for reopening this case." (R&R at 9.) More specifically, she found that the affidavit filed by plaintiff should not be used as an aid in interpreting the Settlement Agreement and that because the future cooperation clause of section 7 did not modify or limit the broad covenant not to sue of section 2.2, Golden Bay had not shown cause to reopen the case. The Court considers plaintiff's objections to Magistrate Judge Azrack's R&R *de novo*. See Fed. R. Civ. P. 72(b); European Cmty. v. RJR Nabisco, Inc., 134 F. Supp. 2d 297, 302 (E.D.N.Y. 2001).

Plaintiff raises four principal objections to the R&R. Plaintiff contends 1) the Magistrate Judge should have considered the affidavit; 2) a hearing is necessary to interpret the Settlement Agreement; 3) the Settlement Agreement only settled matters with respect to past infringement; and 4) the term "Patents" in section 7 — the future cooperation clause — referred to the patents at issue in the lawsuits.

Plaintiff claims that the affidavit is appropriate evidence in determining the "expressed intent" of the parties.[2] That is incorrect. After enunciating several broad principles of New York contract law,[3] the Magistrate Judge correctly concluded that as parol evidence, the affidavit of

---

[2]Although plaintiff finds it "curious" that Willis Electric did not submit an affidavit, Willis Electric states in its Memorandum in Opposition that it would be willing to do so but refrained from submitting one because the affidavit would be extrinsic evidence and impermissible in interpreting an unambiguous contract.

[3]The parties and the Magistrate Judge agree that New York applies. Courts interpret settlement agreements using the general principles of contract law. Rainbow v. Swisher, 72 N.Y.2d 106, 109 (1988).

3

James Hsi filed with the motion to reopen should not be considered in the interpretation of the contract. (R&R at 4-5.) Extrinsic evidence should not be considered by courts applying New York law in interpreting an unambiguous contract. Care Travel Co. v. Pan Am. World Airways, 944 F.2d 983, 987-88 (2d Cir. 1991). "Contract language is not ambiguous merely because the parties attribute to it differing interpretations; nor is it ambiguous where one party urges an interpretation that strains the language beyond its ordinary meaning." Interspiro USA, Inc. v. Figgie Int'l, Inc., 815 F. Supp. 1488, 1502 (D. Del. 1993) (applying New York law) (citing Care Travel, 944 F.2d at 988). Because the Settlement Agreement is unambiguous on its face, "the parties' rights under the agreement should be determined solely by the terms in the agreement." Id. The affidavit, a document external to the contract and drafted for the purpose of this motion to reopen, is extrinsic evidence not suited to determining the intent of the parties as it was expressed in the Settlement Agreement. The Magistrate Judge properly excluded this extrinsic evidence from her evaluation of the Agreement.

Plaintiff also argues that the best method of determining the "expressed intent" of the parties in the Settlement Agreement is to hold a hearing. (Obj. to R&R at 6.) The Magistrate Judge properly found such a hearing to be unnecessary. Unambiguous contracts, like the Settlement Agreement, should be interpreted based on the four corners of the contract alone. See RJE Corp. v. Northville Indus. Corp., 329 F.3d 310, 314 (2d Cir. 2003) (quoting De Luca v. De Luca, 751 N.Y.S.2d 766, 766 (2d Dep't 2002)).

Third, Plaintiff argues that the Settlement Agreement settles only past infringement and relates only to "prior acts." (Obj. to R&R at 2, 5.) This argument is based in large part on a strained reading of the future cooperation clause to impose an affirmative duty on Willis Electric

4

to negotiate for the use of any of Golden Bay's patents — including the patents which were the subject of the settled litigation.

Noting that in a settlement agreement, any issues which the parties desire to remain open must be expressly reserved, the Magistrate Judge appropriately determined that the cooperation clause, read in the context of the entire agreement, did not establish an exception from the covenant not to sue. In the context of a settlement agreement in which the parties agree to dismiss an action with prejudice, a party wishing to retain a right to re-litigate an issue in that action in the future must do so in "clear and unequivocal" terms. Pactiv Corp. v. Dow Chem. Co., No. 1:04-CV-81, 2005 WL 4542861, at *2 (N.D.N.Y.). The general statement that Golden Bay and Wein Ace would permit use of their future patents by Willis Electric is far from a clear and unequivocal statement that Golden Bay retained the right to sue Willis Electric in the future for the precise allegedly infringing conduct that was at issue in the very suit the Agreement purported to settle. Furthermore, Section 2.2 — which is in addition to the release provided in Section 2.1 — would be rendered nugatory if the Settlement Agreement were not prospective as to the subject patents.[4] Interpretations of contracts that make provisions nugatory are disfavored. See Chem. Bank v. Affiliated FM Ins. Co., 815 F. Supp. 115, 119 (S.D.N.Y. 1993). The covenant not to sue by its terms refers to future potential suits with respect to any patents that were held by or had been applied for by plaintiff as of the date of the Settlement Agreement.

It is plain that the term "Patents" as used in section 7 refers to *future* patents (e.g., those not held by Golden Bay at the time of the settlement). The cooperation clause is properly read in

---

[4]Section 7 (the cooperation clause), by contrast, is not made nugatory by the Magistrate Judge's reading of the contract, as plaintiff contends. Under the reading adopted by the Court, section 7 relates to uses of future patents of Golden Bay.

5

harmony with the final clause of the "Whereas" recitals, which states that the parties desired to "avoid future intellectual property disputes involving any *other* inventions, patents, trademarks, trade secrets or copyrights of Golden Bay and Wein Ace." (Pl. Br. Ex. 1 at 1 (emphasis added).) "Contract provisions should not be read in isolation; rather, the entire contract must be considered, and all parts of it reconciled." RJE Corp. v. Northville Indus. Corp., 198 F. Supp. 2d 249, 262 (E.D.N.Y. 2002) (internal quotation marks omitted), aff'd 329 F.3d 310 (2d Cir. 2003). Viewing the cooperation clause in concert with the entirety of the contract, it is clear that this provision refers to future patents. Plaintiff's objection that the Magistrate Judge "failed to recognize" that the defined term "Patents" refers to the patents in suit is therefore without merit. (Obj. to R&R at 3.)

The Court finally observes that even if plaintiff's analysis of the contract provisions was correct, plaintiff has failed to provide a factual basis to reopen this case. All that is averred is that "[u]pon information and belief, after the Settlement Agreement WILLIS ELECTRIC has continued to manufacture and sell in the United States Christmas net lights without discussion with GOLDEN BAY and without arriving at 'mutually agreed term' with GOLDEN BAY regarding the continued sales of such Christmas net lights." (Hsi Decl. at 2.) There is no claim the infringing items were even sold through Walmart. This conclusory allegation is insufficient to reopen the case, particularly a case in which Walmart is the only named defendant.

**III. Conclusion**

      The Magistrate Judge's R&R is adopted.  Plaintiff's motion to reopen is denied.  Willis Electric's request for costs and fees is also denied.

            SO ORDERED.

Dated:        Brooklyn, New York
                September 30, 2008

                                            Carol Bagley Amon
                                            United States District Judge